FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 AUG -6 P 4: 29

CLERK'S OFFICE
AT BALTIMORE

BY _______ DEPUTY

[illegible]
[illegible]

[illegible]

v.

[illegible] [illegible]
[illegible]

[illegible]

[illegible]

[illegible] Equitable Authority

[illegible] To [illegible] [illegible] [illegible] To [illegible] [illegible] [illegible] [illegible] To Provide [illegible] From The Court The Court Can Grant Conditional Release Pending Final Disposition.

Equity Powers Can Be Invoked In Aid Of The Court's Exercise Of Its Jurisdiction. "An Appeal To The Equity Jurisdiction Conferred On Federal District Courts Is An Appeal To The Sound Discretion Which Guides The Determinations Of The Courts In Equity . . . . . Flexibility Rather Than Rigidity Has Distinguished It. The Qualities Of Mercy And Practicality Have Made Equity The Instrument For Nice Adjustment And Reconciliation Between The Public Interest And Private Needs . . . ." Hecht v. Bowles, 321 U.S. 321, 329 (1944). Such Powers Can Be Invoked In Any Case In Which The Court's Jurisdiction Is Presumed And Has Not Yet Been Denied. See United Mine Workers, 330 U.S. At 291.

Here, There Is No Question That This Court Has Jurisdiction To Reduce Crack Sentences And Order The Immediate Release Of Crack Offenders As Of

March 3, 2008. [illegible] [illegible] [illegible] [illegible] Seek Pursuant To [illegible] [illegible] [illegible] To Dismiss [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] The Court May Grant The Request — Such Can Be Done Upon Request — Either As An Inherent Part Of Its § 3582 (c) Jurisdiction Or As A Matter Ancillary To The Exercise Of That Jurisdiction. Courts Have Long Exercised Ancillary Jurisdiction In Criminal Cases, See Garcia v. Teitler 443 F.3d 202, 207-08 (2nd Cir. 2006). Although The Precise Boundaries Of Ancillary Jurisdiction Was Never Been Fixed, "[A]t Its Heart, Ancillary Jurisdiction Is Aimed To Enabling A Court To Administer Justice Within The Scope Of Its Jurisdiction." Id. at 208. (Citations And Internal Punctuation Omitted). The DC Circuit Has Held That Ancillary Jurisdiction Attaches Where: "(1) The Ancillary Matter Arises From The Same Transaction Which Was The Basis Of The Main Proceeding, Or Arises During The Course Of The Main Matter, Or Is An Integral Part Of The Main Matter; (2) The Ancillary Matter Can Be Determined Without A Substantial New Fact-Finding Proceeding; (3)

[illegible]); [illegible], [illegible] [illegible] Jurisdiction In This Criminal Case Has Already Surpassed To Judge Albert [illegible] State).

This Jurisdiction (Whether Direct Or Ancillary) Is Shown, As Such, The Court Has The Power To Issue Whatever Order Is Necessary To Ensure That Justice Is Done. In The Case, The Court's Power To Release Someone Pending Adjudication Of His § 3582(c)(2) Action Is Most Analogous To Cases Permitting A Defendant To Be Released On Bail Pending Adjudication Of A Habeas Petition, Which Courts Have Found Is An Inherent Aspect Of The Power To Issue The Writ. See e.g., Levy v. Parker 396 U.S. 1204 (1969); Mapp v. Reno, 241 F. 3d 221, 226 (2nd Cir. 2001); Landano v. Rafferty, 970 F. 2d 1230, 1239 (3rd Cir. 1992); Marino v. Vasquez, 812 F. 2d 499 (9th Cir. 1987); In re Wainwright, 518 F. 2d 173, 174 (5th Cir. 1975); United States v. [illegible], 127 F. Supp. 670 671-72 (E.D. Penn. 2001). As In Those Cases, A Defendant Seeking Release Pending Adjudication On The § 3582(c)(2) Petition, Must Show Both Special Circumstances And A High Probability Of Success. Martin v. Solem, 801 F. 2d 324, 329 (8th Cir. 1986). Any Defendant (As Can Brown) Who Can Demonstrate That Simply [illegible]

The Commission's Approval For Laws Provision Which Result In A Release Date Before March 5 2007 Should Likely Be Held To Meet This Standard, Particularly Given The Commission's Stated Reasons For Retroactive Application Of The Provision (To Ameliorate Overly Harsh Punishment And Unwarranted Disparity And To Better Serve § 3553(a) Factors), The Relatively Unimportant Reason For Declining Retroactivity (Administrative Cost), And The Statutory And Constitutional Implications Of Failing To Act. Levy 396 U.S at 1205 (Douglas, J.) (Granting Bail Pending Review On The Merits Of Habeas Petition Where Substantial Issues Were Presented And Defendant's Sentence Was Due To Expire In 12 Days); Mapp, 912 F.2d at 309 (Approving Bail Where Defendant Did Not Pose Risk Of Flight Or Danger To Community, And Where Denial Of Bail Could Leave Defendant Without Remedy Given The Minimal Time Left On His Sentence); Calley v. Callaway, 491 F.2d 1384, 1385 (5th Cir 1974) (District Court "Did Not Remotely Abuse His Discretion" In Granting Bail Pending Habeas Hearing Where Defendant Had Raised Substantial Issues And Already Served A Substantial Portion Of His Sentence); Boyer v. City Of Orlando, 402 F.2d 966, 968

(5th Cir. 1968) (Ordering Defendant Serving A Nearly [illegible] Year Sentence To Be Released On Bail Pending Review Of His Habeas Petition In State Court "In Order To Render [His] State Remedies Truly Effective," And Continued Release Throughout Further Federal Habeas Proceedings If State Should Rule Against Him); Sterling, 127 F. Supp. 2d at 672 (Noting That "Extraordinary Circumstances Have Been Found On [illegible] Basis Of The Health Or The Near-Term Completion Of A Sentence") (Emphasis Added); Grey v. Rock, 2001 WL 314654, *3 (S.D.N.Y. Mar. 30, 2001) (Noting That If Defendant's Habeas Claims Were Found Substantial, Release On Bail Pending Adjudication Would Likely Be Appropriate Given That He Has Already Served 4 Years Of A 4½ To 9 Year Sentence).

The Undisputed Facts Are:

* Brown Was Sentenced To The Low End Of The Then Guideline Range, i.e., 235 Months.

* The Retroactive Amendment Reduces Brown's Sentence — At The Low End — To 188 Months.

* If The Court Follows Kimbrough And Gall This Court Has Very Discretion [illegible] In Fashioning The Sentence.

2

[illegible] And Facts

[illegible] Was Sentenced In The Summer Of 1998, The Court [illegible] To The Defendant A [illegible], At The [illegible] The Defendant's Base Offense Level [illegible] Guideline Sentence Of 235 Months. [illegible] Sentencing Recommendations This Court's Discretion [illegible] Was Mandated To Impose, This Court [illegible] Below [illegible] The Last [illegible] Of Imprisonment, According To [illegible] Sentence [illegible] Of 38 [illegible] Criminal History II [illegible] — [illegible] Range Between 235-293 Months.

II. [illegible]

Under The Post-Booker [illegible] Of §3553(a), A Court, In Determining A Sentence [illegible], Must "Consider" The Factors Set Forth In Section 3553(a). [illegible] Kimbrough v. United States, 552 U.S. __ (2007), And Gall v. United States, 552 U.S. __ (2007), Courts [illegible] That The §3553(a) Factors [illegible] To Look Beyond The [illegible]. The Commission's Advisory Guidelines

Limits The Sentencing Court's [illegible] To Increase The Sentence [illegible] Of [illegible] A New Standard In Violation Of The Court's Duty Under 3553(a)(2). In Other Words, [illegible] To The New Legal Precedent In Contrary To Kimbrough And Gall.

At The Time [illegible] Faced A [illegible] Of [illegible] Between 188 And 235 Months, [illegible] His Sentence [illegible] [illegible] That [illegible] Booker, Gall And Kimbrough Are Law — The Guidelines Are Advisory Only, [illegible] In [illegible], [illegible] In [illegible] Circumstances. [illegible] The Court To [illegible] The Sentence To Time Served, The Court Should [illegible] That The Court [illegible] [illegible] Due To [illegible] Good Time Credits [illegible], Kimbrough And Gall [illegible] The Sentence [illegible] Of The Sentence.

II. [illegible]

Pursuant To [illegible] Booker, 543 U.S. 220 (2005), In Which [illegible] Argued That [illegible] Guidelines [illegible] [illegible] In Kimbrough The [illegible] District [illegible] That Under Booker, "The [illegible] Guidelines" [illegible] (Booker II), In Gall, The [illegible], The [illegible]

[illegible]

The Record Reflects That The Court [illegible] [illegible] The [illegible] [illegible] An Opportunity To [illegible] [illegible] The Jury's Special [illegible] [illegible]

[illegible]

Carl L Brown #32259-037

[illegible]

32259-037

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Carl L Brown #32259-037

[illegible]

# *USP Marion*
## *E-CODE Department*

# *Certificate of Completion*

awarded to:

CARL BROWN

FOR COMPLETION OF

PRE-RELEASE GROUP

E-CODE
A Pyramid of Knowledge and Awareness

*FEBRUARY 2005*

*S. WILSON*
*E-CODE TREATMENT SPECIALIST*

*DR. M. PATTERSON*
E-CODE PROGRAM
COORDINATOR



# *Certificate of Completion*

## E-CODE Program

*This certifies that*

**Carl Brown**

Reg. No. 32259-037

*has successfully completed the requirements for the Enhanced Challenge, Opportunity, Discipline, and Ethics Program.*

**E-CODE**
A Pyramid of Knowledge and Awareness

United States Penitentiary
Marion, Illinois
March 25, 2005

*M. Patterson, Ph. D., Program Coordinator*

*A. Kastner, B.S., E-CODE Treatment Specialist*